## BENITO LOPEZ v. J. M. FLORES.

1. In an attachment case, the district court quashed the attachment in April, 1868; to which ruling the plaintiff excepted. In September, 1868, the plaintiff recovered judgment against the defendant *in personam*, for his debt and interest. In May, 1870, plaintiff filed his petition for a writ of error; but in it he made no reference to the final judgment *in personam*, and complained only of the interlocutory judgment of April, 1868, whereby the attachment was quashed; which interlocutory judgment he misdescribed as of the date of the final judgment. The bond in error followed the recitals of the petition, and the citation merely summoned the defendant's attorneys to appear and "answer the petition for writ of error." *Held*, that there is no such judgment in the record as that

described in the petition for the writ of error, and the proceedings in error are consequently and fatally defective—that, even if the interlocutory judgment could have been brought up to this court for revision, the petition for the writ of error was filed too late, two years having elapsed after the rendition of that judgment—but, in order to have brought that interlocutory judgment before this court, the plaintiff, after obtaining his final judgment *in personam*, should have moved the court below to set aside the interlocutory judgment; and from a judgment overruling that motion, the plaintiff could have had recourse to this court.

2. A citation in error should run to the defendant in error, and not to his attorney, even when it can lawfully be served upon the attorney, in consequence of the non residence of the defendant or inability to find him.

ERROR from Bexar. Tried below before the Hon. Thomas H. Stribling.

The somewhat peculiar features of the proceedings in error in this case are disclosed in the opinion of the court, and also in the head notes.

*Wælder & Upson*, and *T. J. Devine*, for the plaintiff in error.

*Leigh & Dittmar*, and *Robards & Jackson*, for the defendant in error, moved to dismiss for defects in the proceedings in error, as follows : That the judgment described and sought to be revised by the petition and bond for writ of error, is interlocutory. (See Little v. Morris, 10 Texas, 263 ; Miller v. Berry, 13 Texas, 208 ; Messner v. Lewis, 17 Texas, 519.)

That the final judgment in this case is not sufficiently described. (See Graham v. Sterns, 16 Texas, 153.)

That the service on the attorney was not properly made in this case. (See James v. Gray, 3 Texas, 514 ; Holloman v. Middleton, 23 Texas, 537.

That citation should run against defendant instead of attorneys. (See Paschal's Digest, article 1495.)

WALKER, J.—The petition in error misdescribes the judgment which the plaintiff in error desires should be reviewed. The suit was commenced in the district court by attachment, and on the seventeenth day of April, 1868, the district court quashed the attachment, and on the fourteenth day of September, 1868, the plaintiff in error recovered a judgment against the defendant in error; but it is not from this latter judgment that the plaintiff would appeal, and his description of a judgment rendered at the fall term for the year 1868 is erroneous.

The petition in error was filed on the sixth day of May, 1870, more than two years after the rendition of the judgment, which the plaintiff in error seeks to have reviewed. The citation in error does not run against the party to the suit, nor is it served upon him. If the defendant in error had been a non-resident of the State, or his place of residence unknown, then the citation might have been served on his attorneys of record.

This citation is holden insufficient. The case must be dismissed for this reason alone, if none other existed; but it would be dismissed upon the grounds already alluded to. The error is not assigned to the final judgment.

The plaintiff below should have moved the court, after he obtained judgment, to set aside the order quashing the attachment; and if the court had entered judgment upon this motion, he might then have appealed from such judgment of the court, and in that way found his redress, if he were entitled to any. (31 Texas, 207.)

The petition in error is dismissed.

Dismissed.